**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CLIFTON SKIDGEL,

        Plaintiff,

v.                                               No. CIV 12-7 JP/LFG

MICHAEL MARTIN,
SHERRY PHILLIPS, and
CORRECTIONS MEDICAL SERVICES,

        Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR REMAND
AND MOTION FOR DEFAULT JUDGMENT**

THIS MATTER is before the Court on Plaintiff Clifton Skidgel's ("Skidgel") "Answer to

Notice of Removal," filed January 19, 2012. [Doc. 7.] On November 21, 2011, Skidgel, acting *pro*

*se*, filed a Complaint in the Eighth Judicial District Court (County of Union) of the State of New

Mexico, asserting civil rights violations (Skidgel v. Martin, et al., Civ. No. 2011-84). [Doc. 9,

attached Complaint.] The Complaint alleges, *inter alia,* cruel and unusual punishment and treatment

(in violation of the Eighth Amendment), denial of medical treatment, and undue harassment for

bringing litigation. [Id.] Skidgel also contends that Defendants violated his Fifth and Fourteenth

Amendment rights. [Id.] Skidgel is incarcerated at the Northeast New Mexico Detention Facility

("NENMDF") in Clayton, New Mexico.

**Procedural Summary**

On December 5, 2011, Skidgel served Defendant Michael Martin ("Defendants" or "Martin") with the Complaint. [Doc. 1, ¶ 2.] On January 3, 2012, Martin removed the state action to federal court, with the consent of Defendants Sherry Philips and Corrections Medical Services. [Doc. 1; Doc. 9, Ex. B.] Defendants removed the case based on federal question jurisdiction, 28 U.S.C. § 1331, in relation to Skidgel's claims that Defendants violated his Fifth, Eighth, and Fourteenth Amendment rights and his request for damages related to alleged "constitutional violations."

The Court construes Skidgel's "Answer" to the notice of removal as a request for remand. [*See* Doc. 7.] For example, Skidgel states that Defendant Martin "seeks federal jurisdiction for the purpose of and with intent, to circumvent Plaintiffs [sic] motion for default judgment and order. . . ." [Doc. 7, at 1.]  While Skidgel explains that he does not have access to the pertinent federal jurisdictional statutes, he argues that the New Mexico Tort Claims Act provides him with jurisdiction in state court.  Skidgel further asserts that "granting of the federal jurisdiction places Plaintiff in a defenseless position and causes an undue burden to litigate cause no. CV2011-84 in two different courts."  Skidgel then expressly asks that this federal proceeding be remanded. [Doc. 7, at 3-4.]

On January 24, 2012, Martin filed a response in opposition to Skidgel's request for remand. [Doc. 11.] Martin interprets Skidgel's pleading [Doc. 7] to argue that this federal proceeding should be remanded because the Notice of Removal was not timely filed, federal subject matter jurisdiction is lacking, and Skidgel would be unfairly required to litigate his claims in both state and federal court. [Doc. 11.]

In support of Skidgel's request for remand and in relation to the timeliness argument, Skidgel attached to his "Answer" [Doc. 7] a "Motion for Default Judgment Against Defendant Michael

Martin," that he claims he served on Martin on January 3, 2012, apparently still during the pendency of the state court proceeding. [Doc. 7, at 1; attached Motion for Default.]  Martin states that Skidgel's default motion was actually filed in state district court on January 12, 2012, nine days after the case was removed. [Doc. 10, at ¶ 3.][1] In the Motion for Default Judgment, Skidgel argues default judgment against Martin is appropriate because Martin allegedly failed to answer the state court's summons served on Martin on November 23, 2011, or to file any pleading in the state court proceeding.  Skidgel further asserts that Martin's answer was due on December 23, 2011, and that Martin missed the deadline.  [Doc. 7; attached Motion for Default and exhibit.]

On January 24, 2012, Martin filed a response in opposition to the motion for default, stating that he was served with the summons and Complaint in this matter on December 5, 2011. [Doc. 10, Ex. A, Martin Aff. at ¶ 5.] Martin further explained that his normal work schedule as assistant warden of the NENMDF is Monday through Friday, but that he had taken time off for the Thanksgiving holiday, from November 22-24, 2011.  He worked only one-half day on Friday, November 25, 2011, and took off the entire week of November 28-December 2, 2011.  When he returned to work on Monday, December 5, 2011, Martin avers that he found the Complaint served by Skidgel in Martin's mailbox at the facility. [Doc. 10, Ex. A, at ¶¶ 2-5.]

Thus, according to Martin, he timely filed the Notice of Removal and Answer to Skidgel's Complaint on January 3, 2012.

---

[1] The copy of the default motion attached to Skidgel's remand motion [Doc. 7] is not file-stamped with a date by the state court, nor did Skidgel indicate a date of service on the pleading.  This Court does not have access to the Eighth Judicial District Court's docket report for Skidgel's case and assumes, based on counsel's representations, that the default motion was filed in state court on January 12, 2012.  Skidgel has not shown otherwise.  Moreover, counsel for Martin is an officer of the Court who owes a duty of candor to the court and may not "knowingly make a false statement of fact . . . a tribunal . . . or fail to correct a false statement of material fact . . . previously made to the tribunal by the lawyer."  16-303(A)(1) NMRA of the Rules of Professional Conduct.

On February 6, 2012, Skidgel filed an answer in support of his motion for default judgment. [Doc. 10.] This pleading also relates, in part, to Skidgel's argument that the case should be remanded.  Skidgel states, for example, that this Court "has not issued any order granting Defendants federal jurisdiction to hear this case;" "no court . . . has entered an order changing venue[,]" Skidgel mailed his motion for default on January 3, 2012. . .[,]; and that Martin admits in his affidavit that he was available at this place of employment for receipt of the Complaint.  Skidgel then requests again that the Court remand this case to state court. [Doc. 13.]

**Discussion**

I.      Removal/Remand

Title 28 U.S.C. § 1331 provides a federal district court with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Article III of the Federal Constitution states that lower federal courts have original jurisdiction over "all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority."  U.S. Const., Art. III, §§ 1, 2.  Regarding a federal district court's jurisdiction, the Tenth Circuit Court of Appeals further stated–

> In Bell v. Hood, the Supreme Court explained that "where the complaint ... is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two possible exceptions[,] ... *must* entertain the suit." 327 U.S. 678, 681-82, 66 S.Ct. 773, 90 L.Ed. 939 (1946) (emphasis added). The two "possible exceptions" are claims that "clearly appear[ ] to be immaterial and made solely for the purpose of obtaining jurisdiction" or claims that are "wholly insubstantial and frivolous." Id. at 682-83, 66 S.Ct. 773; Simmat v. United States Bureau of Prisons, 413 F.3d 1225, 1231 (10th Cir. 2005).

Peoples v. CCA Detention Centers, 422 F.3d 1090, 1095 (10th Cir. 2005), *Opinion Vacated in Part, on other grounds, on Rehearing en Banc,* 449 F.3d 1097 (10th Cir. 2006).

Here, Skidgel rests his lawsuit directly on the Fifth and Fourteenth Amendments of the United States Constitution.  Moreover, he alleges that Correctional Medical Services and individual Defendants violated his right to be free from cruel and unusual punishment, a right that arises under the Eighth Amendment of the Constitution.  After reviewing Skidgel's Complaint, there is no doubt that general federal-question jurisdiction exists, and that Defendant Martin's removal of the case to federal district court was proper.

Contrary to Skidgel's assertions, there is no need for the Court to issue an Order granting a defendant federal jurisdiction, nor is there any requirement for a court to enter an order "changing venue." [*See* Doc. 13, at 1.] Title 28 U.S.C. § 1331 provides that federal district courts "shall have original jurisdiction" over this civil action involving federal question claims.  That fact that Skidgel originally brought his lawsuit in state court does not prevent a defendant from properly removing that case to federal district court where the federal court has jurisdiction under 28 U.S.C. § 1331.

Moreover, Skidgel is incorrect that once this case was removed to federal court he would be required to pursue his claims in both courts.  The case is now in federal court and no further action on this matter need be taken in state court.  Thus, all pleadings in this case must be filed in this federal court proceeding.

For the reasons stated above, Skidgel's request to remand this case is denied.  The Court unquestionably has subject matter jurisdiction over this matter.

II.    Default Judgment and/or Timeliness Issues

Rule 55 of the Federal Rules of Civil Procedure provides that the clerk "must enter the party's default" when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend a lawsuit.  Fed. R. Civ. P. 55(a).  A plaintiff may invoke the court's inherent power to enter a default judgment if a defendant fails to defend an action, refuses to participate, or

otherwise engages in dilatory tactics. *See* OTO Software, Inc. v. Highwall Technologies, LLC, 2011 WL 3236049, at \*3 (D. Colo. July 5, 2011) (citations omitted) (unpublished) (discussing cases where ample justification existed to enter default judgment against a defendant).

Courts, however, disfavor default judgments. Katzson Bros., Inc. v. United States EPA, 839 F.2d 1396, 1399 (10th Cir. 1988). Stated differently, "[t]he preferred disposition of any case is upon its merits and not by default judgment." Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970).

In this case, Skidgel did not demonstrate that Defendant Martin refused to participate in the case, failed to defend against it, or engaged in dilatory tactics. At worst, a day elapsed before Defendant Martin realized he had been served with Skidgel's Complaint over the Thanksgiving holidays. In other words, on the one-half day Martin was at work around the Thanksgiving holidays, it is possible he did not notice the Complaint in his inbox, assuming it was served by Friday, November 25, 2011.[2] Once Martin was aware that the Complaint was served on him, Martin timely and properly removed this lawsuit to federal court. All Defendants have filed Answers. [Doc. 3; Doc. 9, Attached Answer.]

This is not a case where Defendant Martin's actions or inactions halted a judicial proceeding or created any delay. Therefore, the Court concludes that there is no basis for entry of default against Martin, and accordingly denies Skidgel's motion for default.

---

[2] There is no evidence of record that the Complaint was served on Martin as of November 25, 2011. The Summons that was issued on November 21, 2011, does not include a filled-out Return. Thus, it is unknown if the Summons and Complaint were served on Martin before Martin claims to have seen the Complaint on December 5, 2011. In this case, it matters not as Martin promptly and timely acted.

## **Conclusion**

The Court denies Plaintiff's request for remand and concludes the federal district court has

jurisdiction over this matter, and denies the motion for default judgment.

IT IS THEREFORE ORDERED that: (1) Plaintiff Clifton Skidgel's motion for remand [Doc.

7] is DENIED; and (2) Plaintiff Clifton Skidgel's motion for default judgment [Doc. 7, attachment]

is DENIED.

_____
SENIOR  UNITED  STATES  DISTRICT  JUDGE